United States District Court
Southern District of Texas
**ENTERED**
March 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-16-099 |
| | § | |
| TADARIUS ROBINSON | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

       [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

       [ ]   an offense for which the maximum sentence is life imprisonment or death.

       [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

       [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[X]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [X] (1)   There is probable cause to believe that the defendant has committed an offense

   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [X]   under 18 U.S.C. § 924(c).

   [X] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1) Defendant is accused of conspiracy to interfere with commerce by robbery and aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951 and aiding and abetting use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

   [X] (2)  There is a serious risk that the defendant will flee.

   [X] (3)  Defendant represents a danger to the community.

   [ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)  As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the indictment, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 20-year old born and raised in the Houston area. He denies any travel outside the United States and denies having a passport. He most recently resided with his grandmother, uncle, and girlfriend at his grandmother's house. He is in contact with his parents who reside in Houston. He has four siblings, including two brothers who are incarcerated. He has never been married and has no children. He denies possession of firearms. His family is supportive but has no property to secure bond.

3. Defendant has been in state custody since October 2015. Prior to that he worked as a warehouse employee for Gallery Furniture.

4. Defendant is accused of conspiracy and aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951 and aiding and abetting use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). There was substantial evidence of defendant's involvement in the criminal conduct at the detention hearing. He faces a potential penalty of up to 20 years in prison, with 7-10 years consecutive on the firearms counts.

5. Defendant's criminal history includes convictions for theft and failure to identify and charges of possession of a controlled substance and engaging in organized criminal activity. He has previously violated parole conditions. He faces state charges of possession with intent to deliver a controlled substance and aggravated robbery with a deadly weapon and with serious bodily injury related to the current offense.

6. Despite some family ties to the community, due to his criminal history and the nature of the offense the court finds there is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

    Signed at Houston, Texas, on March 22, 2016.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge