UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-16-99S |
| | § | |
| v. | § | |
| | § | JUDGE GRAY H. MILLER |
| TADARIUS ROBINSON, | § | |
| Defendant. | § | |

## **PLEA AGREEMENT**

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Richard D. Hanes and Heather Rae Winter, Assistant United States Attorneys, and the defendant, Tadarius Robinson ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 3, 5 and 6 of the Superseding Indictment. Counts 3 and 5 charge Defendant with Aiding and Abetting Interference with Commerce by Robbery, in violation of Title 18, United States Code, §§ 1951(a) and 2. Count 6 charges defendant with Aiding and Abetting Using, Carrying and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, §§ 924(c)(1)(A)(iii) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, §§ 1951(a) and 2, is imprisonment for up to 20 years and a fine of not more than $250,000.

Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. The **statutory** minimum penalty for each violation of Title 18, United States Code, §§ 924(c)(1)(A)(iii) and 2, is imprisonment of not less than 10 years to life to be served consecutively to the term of imprisonment ordered in any other count of conviction, and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 5 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Waiver of Appeal and Collateral Review

4. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right

2

to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

7. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 3, 5, and 6 of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment and the original indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office.

### United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

4

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 3, 5 and 6 of the superseding indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

On September 27, 2015, at approximately 3:00p.m., two masked men, one of whom was armed with a handgun, entered the T-Mobile Store located at 10730 Eastex Freeway, Houston, Texas.

According to the manager, he was in the back office working on the work schedule when an employee came into the office and told him that the store was being robbed. The manager and the employee exited the store through a rear door and ran to the Pizza Hut at the end of the strip mall, where he called 911. While the manager and his employee were in the Pizza Hut, they saw two black males, whom he presumed had robbed the store, run to a newer white Nissan Sentra, Texas license number FLP6550, and enter the passenger doors, after which the vehicle sped away.

6

According to sales associates in the store at the time of the robbery, everyone in the store was ordered by the gunmen to "get down on the ground," telling them that "this is not a joke." All of the employees described the first of the two men as being a heavy set black man wearing a black beanie and a mask, a green short sleeve shirt, and dark colored shorts. They described the second robber as being a thin black man wearing a mask, a white Nike cap, a black sleeveless shirt and tan pants. The second man was also identified as holding a small caliber revolver that appeared to be tarnished gold in color. The witnesses stated that the second man took money from tills one and three while the first demanded money and cell phones from the customers. The first man also tried to get money from till two, but was unsuccessful. T-Mobile estimated the loss from the tills at approximately $4,038.

After querying the license number of the white Nissan in computer records, officers learned that the vehicle was owned by Hertz Vehicle LLC. According to Hertz records, the vehicle had been rented on August 12, 2015 to Tadarius Robinson and was still in the possession of Robinson on September 27, 2015.

On October 2, 2015, the Wing Stop restaurant was robbed at gunpoint by two black males. According to the manager, around 8:00pm she was standing in the cooking area with two cooks, and two cashiers were standing in the cashier area when she heard a loud yell. She turned to see two masked black males, one of whom was standing in the workers station area in front of the cashier drawers. The manager stated that she heard them shout orders to get on the floor and she told all of her employees to comply. As the manager watched one of the robbers remove the cash from the till, she heard gunfire, and immediately realized that one of the cooks had been shot. The manager stated that at this point, chaos broke out in the restaurant and the robbers departed. The

24. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____Aug 8_____, 2018.

_____
Defendant

Subscribed and sworn to before me on _____Aug 8_____, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
RYAN K. PATRICK
United States Attorney

By: _____       _____
RICHARD D. HANES                                            Attorney for Defendant
Assistant United States Attorney

_____
HEATHER RAE WINTER
Assistant United States Attorney

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-16-99S |
| | § | |
| v. | § | |
| | § | JUDGE GRAY H. MILLER |
| TADARIUS ROBINSON, | § | |
| Defendant. | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _8/8/18_____
Attorney for Defendant                              Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          _8/8/18_____
Defendant                                            Date

13